UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCHOT B. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3224 |
| | ) | |
| NEIL WILLIAMSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

*Pro se* Plaintiff, Franchot B. Taylor, is incarcerated by the Illinois Department of Corrections in the Sheridan Correctional Center, located in Sheridan, Illinois. He complains about incidents that took place while he was detained in the Sangamon County Jail, located in Springfield, Illinois. He names Sheriff Neil Williamson, Warden Terry Durr, Lt. William Strayer, Sgt. Gregory Clemons, and Sgt. Guy Bouvet as Defendants.

**LEGAL STANDARD**

The Court is required by 28 U.S.C. § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer, and through such process to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or

1

fails to state a claim upon which relief may be granted . . . ." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this court to perform its merit review of Plaintiff's Complaint.

The review standard under 28 U.S.C. § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'". Id., quoting Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic, 550

U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## FACTS

Plaintiff claims the dates of the occurrences that he complains about range from September 27, 2010, through March 18, 2011. Plaintiff alleges that he is a "Hebrew Israelite". Therefore, when he entered the Sangamon County Jail on September 27, 2010, he requested meals consistent with his religious belief, but that request was denied. Plaintiff alleges that he specifically asked for either a vegan meal or a Kosher meal and that either would satisfy his religious diet. Although Plaintiff requested religious diet meals several times and filed several grievances therefor, Defendants denied Plaintiff's requests and grievances. Plaintiff claims the denials caused him both emotional and physical harm.

## ANALYSIS

This Court concludes that Plaintiff's allegations state a claim for a violation of his First Amendment right to practice his religious belief. An inmate's right to practice his religion to the extent it does not unduly burden prison administration is well established, including the right to a religious diet that is nutritionally adequate. See Hunafa v. Murphy, 907 F.2d 46, 47-49 (7th Cir. 1990).

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. Section

1915A, the Court finds that Plaintiff states a federal constitutional claim for violation of his First Amendment right to practice his religion. Any other claims not specifically set forth in this Opinion shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown, or by leave of Court pursuant to Federal Rule of Civil Procedure 15. The plaintiff may proceed on his claim against Defendants Neil Williamson, Terry Durr, William Strayer, Gregory Clemons, and Guy Bouvet.

2. A Scheduling Order shall be entered directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

3. Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be only to the issues and claims stated in this Opinion.

ENTERED: August 1, 2011

FOR THE COURT:

                                        Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE