UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCHOT B. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 11-CV-3224 |
| v. | ) | |
| | ) | |
| NEIL WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, pursues claims arising from the denial of a religious diet during his six-month detention at the Sangamon County Jail. Both sides have moved for summary judgment.

The parties agree that Plaintiff is a member of the Hebrew Israelite religion. They also agree that Plaintiff's requests for a vegetarian or kosher diet were denied.

Defendants do not explain why Plaintiff's requests were denied. Instead, they argue that the denials did not substantially burden Plaintiff's ability to practice his religion because Plaintiff was able to eat around food which did not comply with his religious tenets—primarily the meat, which was not kosher. He was also

1

able to trade food with other inmates. Defendants assert that Plaintiff has no evidence of malnutrition or weight loss.

Prisoners have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. Maddox v. Love, 655 F.3d 709 (7th Cir. 2011); Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009). In Nelson v. Miller, 570 F.3d 868, 879 (7th Cir. 2009), the Seventh Circuit held that denying an inmate a non-meat religious diet during Lent and on Fridays substantially burdened the inmate's right to practice his religion because the evidence showed that Plaintiff was required to forgo adequate nutrition on those days. A dietitian in that case had testified that the regular diet "'probably was insufficient if all meat were skipped.'" Id.

This case is analogous to Koger, though the plaintiff in Koger had more evidence of malnutrition. As in Koger, the plaintiff here had to forgo eating all meat. Defendants provide no dietitian's affidavit stating that the meals provided to Plaintiff were nutritionally adequate if Plaintiff consumed no meat. Whether protein was substituted for the meat is unknown. Plaintiff's fortuitous ability to trade food did not lessen the substantial burden on his religious practice or alleviate Defendants' responsibility of providing a nutritionally adequate diet consistent with Plaintiff's religious beliefs. Whether Plaintiff lost weight is not necessarily

determinative of whether his diet was nutritionally adequate.  Accordingly, Defendants' motion for summary judgment will be denied.

Plaintiff's motions for summary judgment will also be denied.  Plaintiff does offer evidence that the denial of his requests were not related to legitimate concerns such as cost and security.  Maddox , 655 F.3d at 719 (7th Cir. 2011)("[P]rison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective, such as security and economic concerns.").   According to an unsigned response to one of Plaintiff's grievances, Plaintiff's requests were denied because a Rabbi brought kosher meals only for Jewish inmates, not Hebrew Israelites.  (9/7/10 inmate request form, d/e 59, p. 7.)  This is hearsay as to the truth of statement, but might be admissible to show the reason given for the denial and the inconsistency in Defendants' purported reasons for denial over the course of Plaintiff's incarceration.  For example, in another grievance, Plaintiff asked to be allowed to purchase vegetarian meals with his own money as he believed other inmates were permitted.  The response states, "At this time your request is denied because we do not do kosher meals.  If you can give us a better reason and proof to back it up we will reconsider your request." (2/23/11 inmate request form, d/e 59, p. 12).  This response is signed by Defendant Sergeant Clemons.  Clemons purportedly signed

another denial on March 7, 2011, in response to Plaintiff's attempt to verify his religion. The response is not completely legible but appears to state that Plaintiff would need more than proof from the IDOC to verify his religion. (3/7/11 response to inmate grievance, d/e 59, p. 12). Requiring outside verification of an inmate's religion before accommodating a religious diet request could amount to a substantial burden on one's religious exercise. *See* Koger v. Bryan, 523 F.3d 789, 798 (7th Cir. 2008)(clergy verification requirement substantially burdened inmate's religious exercise because inmate had no practical way to satisfy requirement). While this evidence works in Plaintiff's favor, the evidence demonstrates only the possible existence of a material disputed fact, not the *absence* of one.

Too many questions remain. For example, which Defendants were personally responsible for denying Plaintiff's requests? Who wrote the unsigned response to Plaintiff's inmate request? What is the Jail's policy on providing religious diets? Who is responsible for devising and implementing that policy? What is the procedure for handling requests for religious diets? Do some inmates receive kosher, vegetarian, or other diets for religious reasons? Why were Plaintiff's requests denied? If an inmate eats no meat on the regular diet, would he receive adequate nutrition?

The Court has a responsibility to ensure that a trial is necessary and that the

case is thoroughly prepared for trial.  *See* Fed. R. Civ. P. 16(a)(4).  Neither requirement is met on this record.

Additionally, an aspect of Plaintiff's claim has not been developed. He essentially alleges in his Complaint that other religions were treated more favorably than his religion.  "Prisons cannot discriminate against a particular religion 'except to the extent required by the exigencies of prison administration.'" Maddox , 655 F.3d at 719-20.  The Court's merit review order concluded that Plaintiff stated a claim for the violation of his First Amendment right to practice his religion, which arguably encompasses his allegations of religious discrimination.  Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005)("[F]ree exercise claim arises under the First Amendment and gains nothing by attracting additional constitutional labels" like equal protection.); Reed v. Faulkner, 842 F.2d 960 (7th Cir. 1988)(religious discrimination claim falls under First Amendment, "leaving for the equal protection clause only a claim of arbitrariness unrelated to the character of the activity allegedly discriminated against.").  However, Plaintiff may be intending to bring some sort of equal protection claim based on a "class of one" theory or otherwise.  In the interests of fully resolving the claims in this case and developing the factual record, discovery will be reopened.  A trial date will be set to keep the case on track.

IT IS THEREFORE ORDERED:

1) Defendants' motion for summary judgment is denied (d/e 54).

2) Plaintiff's motions for summary judgment are denied (d/e's 43, 58).

3) The merit review order is hereby amended to: 1) clarify that Plaintiff's religious discrimination allegations are part of his First Amendment free exercise claim; and 2) add the possibility of an equal protection claim based on the arbitrary denial of Plaintiff's religious diet requests.

4) Discovery is reopened and closes on January 31, 2013.

5) Plaintiff's motion to compel his medical records from Sangamon County Jail is denied (d/e 59), with leave to renew if his discovery requests to Defendants for the records are unsuccessful.

6) Dispositive motions are due February 28, 2013.

7) A final pretrial conference is scheduled for July 1, 2013 at 1:30 p.m.. Plaintiff shall appear by video conference.  Defense counsel shall appear in person. The parties are directed to submit an agreed, proposed final pretrial order at least fourteen days before the final pretrial conference.

8) Jury selection and the jury trial are scheduled for August 6, 2013 at 9:00 a.m., by personal appearance of the parties before this Court in Springfield, Illinois.

ENTERED: September 11, 2012

FOR THE COURT:

                                          **s/Sue E. Myerscough**
                                          SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE