UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCHOT B. TAYLOR,   ) | |
|     Plaintiff,   ) | |
| ) | 11-CV-3224 |
| v.   ) | |
| ) | |
| NEIL WILLIAMSON,   ) | |
|     Defendant.   ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, pursues claims arising from the denial of a religious diet during his six-month detention at the Sangamon County Jail. On September 11, 2012 the Court denied Defendants' motion for summary judgment, reopened discovery until January 31, 2013 for further development of the record, and set another dispositive motion deadline for February 28, 2013.

Plaintiff has filed a motion to amend his complaint to add two new defendants (Dr. Lochard and Nurse Clark) in addition to an unspecified number of "unknown" defendants. Plaintiff appears to allege that Dr. Lochard and Nurse Clark were involved in the denial of his requests for a religious diet. He also seeks to add a new claim against Defendants Clemons and Bouvet for allegedly denying Plaintiff access to the court.

1

At this stage of the proceedings, leave is required to file an amended complaint. Fed. R. Civ. P. 15(a). Leave should be "freely give[n] when justice so requires," Fed. R. Civ. P. 15(a)(2), but "'district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" Stanard v. Nygren, 658 F.3d 792, 797 (7th Cir. 2011)(quoted and other cites omitted).

Plaintiff does not explain his delay in seeking to add Dr. Lochard, Nurse Clark, and the "unknown" defendants. The documents Plaintiff attaches to support adding these Defendants were known to Plaintiff when he filed his Complaint because these same documents are attached to the original Complaint. However, Defendants do not oppose Plaintiff's motion, and allowing the addition of two more defendants should not unduly delay the case since discovery has already been reopened. The Court will grant Plaintiff leave to add Dr. Lochard and Nurse Lucy Clark to Plaintiff's existing claims. "Unknown" defendants will not be added. If Plaintiff discovers additional Defendants during this second round of discovery, he must file another motion for leave to amend his Complaint.

Plaintiff's request to add an access-to-courts claim against Defendants Clemons and Bouvet will be denied because Plaintiff's allegations fail to state a

claim. An access-to-courts claim only arises if Plaintiff suffered an "actual injury" from the inability to pursue a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). Plaintiff did not suffer an actual injury because he was not actually prevented from bringing this claim. He alleges that Defendants Clemons and Bouvet failed to process his grievances, but that alleged failure did not prevent him from pursuing his claims in court. Additionally, inmates have no federal constitutional right to a grievance procedure. *See* Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Plaintiff also seeks to add an equal protection claim, but the Court already added an equal protection claim in the order of September 11, 2012.

Lastly, Plaintiff has filed a motion for the Court to seek counsel on his behalf. The Court cannot consider the merits of the motion until Plaintiff shows that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel. Additionally, Plaintiff should be aware that the Court cannot require an attorney to accept pro bono appointment on a civil case such as this. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). In determining whether the

3

Court should attempt to find an attorney to voluntarily take the case without pay, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). If Plaintiff renews his motion, he should set forth his educational background, his litigation history, and his attempts to find counsel on his own.

IT IS THEREFORE ORDERED:

    1) Plaintiff's motion for leave to file an amended complaint is granted in part and denied in part (d/e 66). The clerk is directed to add Dr. Lochard and Nurse Lucy Clark as Defendants and to attempt service on Lochard and Clark pursuant to the standard procedures. Plaintiff's motion is otherwise denied.

    2) Plaintiff's motion to appoint counsel is denied (d/e 67). His request to proceed in forma pauperis is also denied because he is already proceeding in forma pauperis.

    3) Plaintiff's motion to subpoena witnesses for trial is denied as premature (d/e 68). Plaintiff may renew his motion if this case survives summary judgment. Plaintiff is advised that he will be responsible for serving the subpoenas under Fed. R. Civ. P. 45.

    4) Sua sponte, the discovery deadline is extended to March 29, 2013. Dispositive motions are due April 30, 2013. The final pretrial conference is

rescheduled to November 5, 2013 at 1:30 p.m.. The jury trial is rescheduled to December 3, 2013 at 9:00 a.m. on the Court's trailing trial calendar.

5) A status conference is set for November 5, 2012 at 1:30 p.m. by telephone conference to check on service on Defendants Lochard and Clark. The conference will be cancelled if Lochard and Clark have been served. Accordingly, no writ shall issue to secure Plaintiff's presence at the conference until further order of the Court.

ENTERED: October 9, 2012
FOR THE COURT:

                                                  **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE